UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DARREN CHAKER-DELNERO,

    Plaintiff,

v.

NEVADA FEDERAL CREDIT UNION, *et al.*

    Defendants.

Case No. 2:06-cv-00008-JAD-EJY

**ORDER**

Before the Court is Plaintiff Darren Chaker-Delnero's ("Plaintiff") Application to File Under Seal (ECF No. 27), Ex Parte Motion to Seal Records ("Motion to Seal") (ECF No. 27-1), Petition to Reopen Case (ECF No. 29), Application to File Under Seal (ECF No. 30), and Supplemental Ex Parte Motion to Seal Records ("Supplement") (ECF No. 30-1). No responses to these filings were received by the Court.

**I.    Motion to Seal Records and Supplement**

Plaintiff requests the Court seal the entire record in this case or, alternatively, replace Plaintiff's name in the caption with "John Doe" and "direct the Clerk of the Court to redact all protected information as defined by [California] Code of Civil Procedure § 367.3(a)(1) & (2)." ECF No. 27-1 at 19.

    A.    <u>Legal Standard</u>

United States Supreme Court case law holds that there is a general right "to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns*, Inc., 435 U.S. 589, 597 (1978). Unless a particular court record is one that is traditionally kept secret, there is a strong presumption in favor of access to court records. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (citing *Valley Broadcasting Co. v. U.S. Dist. Court for the Dist. of Nev.*, 798 F.2d 1289, 1293 (9th Cir. 1986)). A party that requests to seal a judicial record bears the burden of overcoming the public access presumption by providing sufficiently compelling reasons for doing so. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)

(citing *San Jose Mercury News v. U.S. Dist. Court for the N. Dist. of Cal.*, 187 F.3d, 1096, 1102 (9th Cir. 1999)). Compelling reasons sufficient to outweigh the public interest in access exist when information becomes the vehicle for improper purposes such as the use of records to gratify spite, promote public scandal, spread libelous statements or reveal trade secrets. *Nixon*, 435 U.S. at 598. The presumption of access may be rebutted only on the basis of articulable facts known to the Court, rather than on unsupported hypothesis or conjecture. *Hagestad*, 49 F.3d at 1434.

The Ninth Circuit has established an exception to the compelling reasons standard that allows a party to meet a lower good cause standard derived from Fed. R. Civ. P. 26(c). *Foltz*, 331 F.3d at 1135. Rule 26(c) authorizes federal courts "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." When the district court considers whether to seal a record, the court will focus on how strongly the record correlates to the merits of a case. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016). If a party is attempting to seal a record that is directly related to the underlying cause of action, the party must establish a compelling reason to seal. *Id*. (Internal citations omitted.) In contrast, when the record at issue is unrelated or tangentially related to the underlying cause of action, the party may successfully seal a record upon a showing of good cause. *Id*.

When granted, a sealing order must be narrowly tailored. *McCurry v. Ocwen Loan Servicing, Inc.*, No. 2:16-cv-00191-RFB-PAL, 2016 WL 4926430 (D. Nev. 2016) (citing *Press-Enterprise Co. v. Superior Ct. of Cal., Riverside Cty.*, 464 U.S. 501, 512 (1984)). Further, sealing documents is improper when confidential information can instead be redacted. *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011).

B. Plaintiff's Request

Plaintiff claims that he is a participant in California's Safe at Home Program (the "Program"), which he supports with documents attached to his Motion to Seal. ECF No. 27-1 at 21, 22. According to California Government Code § 6205, the purpose of the Program is to:

> enable state and local agencies to respond to requests for public records without disclosing the changed name or location of a victim of domestic violence, sexual assault, stalking, human trafficking, or elder or dependent adult abuse to enable interagency cooperation with the Secretary of State in providing name and address

> confidentiality for victims of domestic violence, sexual assault, stalking, human trafficking, or elder or dependent adult abuse and to enable state and local agencies to accept a program participant's use of an address designated by the Secretary of State as a substitute mailing address.

Cal. Gov't Code § 6205. While Plaintiff's documents establish he is a participant in the Program, Plaintiff's Motion to Seal does not provide a compelling reason for sealing this entire case. Plaintiff's Motion does not explain why he entered the Program or why the sealing of this case is necessary. Instead, Plaintiff offers the conclusion that his "safety is clearly at risk." *Id.* at 9.

Perhaps realizing this shortcoming, Plaintiff's Supplement explains that he was subpoenaed by the San Diego District Attorney's Office as a witness in a criminal case. ECF No. 30-1 at 2, 11. The subpoena is dated March 2010, more than 11 years ago. ECF No. 30-1 at 11. The text photos from an unknown sender, which Plaintiff also attaches to his Supplement, are undated and the Court cannot reasonably conclude they are related to or prompted by a subpoena issued so many years ago. *Id.* at 7, 12-13. In sum, Plaintiff's Motion, together with the Supplement, does not provide a compelling reason for sealing the entire record in this case.

As an alternative to sealing the entire case, Plaintiff requests that "John Doe" replace his name in the caption, and the Court redact all personal information from the record "as defined by … [California] Code of Civil Procedure § 367.3(a)(1) & (2)." ECF No. 27-1 at 18-19. The cited Code defines "identifying characteristics" as including name, address, place of residence, age, marital status, relationship to other parties, race or ethnic background, telephone number, email address, social media profiles, online identifiers, contact information, and images of the protected person. Cal. Code. Civ. P. § 367.3(a)(1). "Online identifiers" are defined as personally identifying information or signifiers that would tie an individual to a particular electronic service device, internet application, website, or platform account. *Id.* at (a)(2).

The general rule in the Ninth Circuit holds that "the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity." *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008) (quoting *United States v. Doe,* 488 F.3d 1154, 1156 n. 1 (9th Cir. 2007)). When determining whether pseudonymity is

necessary, the Court will balance the need to protect a person from injury or harassment against the presumption that the identity of parties is public information. *Stoterau*, 524 F.3d at 1012.

However, the Court also considers that "[s]ecrecy is a one-way street: Once information is published, it cannot be made secret again." *Victory Sports & Entertainment, LLC v. Pedraza*, No. 2:19-cv-00826-APG-NJK, 2019 WL 2578767, at *2 (D. Nev. 2019) (quoting *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008)). In the present case, Plaintiff does not explain how redacting information contained within public filings in this case, available throughout this dispute that began in 2006, will protect him from some current or future harm or harassment. Plaintiff does not describe any ongoing involvement in a case, transaction, or dispute in which his identity or identifying information is currently sealed to protect him from harm or harassment. And Plaintiff provides no other circumstance supporting a request to redact information in 2021 that has been publicly available for more than 10 years, other than the 11-year-old subpoena and undated text messages from an unknown source. The Court finds redacting Plaintiff's name and other potential personal information from the filings in this case cannot be justified. For this reason, the Court denies the Plaintiff's request for alternative relief.

**II.     Petition to Reopen Case**

In conjunction with Plaintiff's request to seal or alternatively to redact personal information from this case, Plaintiff requested the case be reopened "for the limited purpose of deciding the motion" to seal or redact. ECF No. 29. Since the Court has ruled on the Motion to Seal and Supplement, the Petition to Reopen Case is denied as moot.

**III.    Applications to File Under Seal**

Plaintiff filed Applications to Seal his Motion to Seal and the Supplement. ECF Nos. 27, 30. Since these two documents are wholly unrelated to the underlying case, Plaintiff need only make a good cause showing to rebut the presumption that the public has a right to access the documents. *Foltz*, 331 F.3d at 1135.

The Court finds that Plaintiff has established good cause rebutting the presumption of a public right to access the documents attached to the Applications to Seal. The Motion to Seal and the Supplement both contain highly personal information regarding Plaintiff's participation in a state

confidentiality program as well as details surrounding his status as a witness to a violent crime.  For these reasons, the Court finds that Plaintiff request to keep these documents confidential outweighs the public's interest in retaining the right to access court documents.  Plaintiff's Applications to File Under Seal are granted.

**IV.    Order**

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Applications to File Under Seal (ECF Nos. 27, 30) are GRANTED.  The filings attached thereto shall remain sealed.

IT IS FURTHER ORDERED that Plaintiff's Petition to Reopen Case (ECF No. 29) is DENIED as moot.

IT IS FURTHER ORDERED, to ensure clarity for Plaintiff, that the Ex Parte Motion to Seal Records (ECF No. 27-1) and Supplemental Ex Parte Motion to Seal Records (ECF No. 30-1) are DENIED.

DATED THIS 1st day of July, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE