UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DARREN CHAKER-DELNERO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NEVADA FEDERAL CREDIT UNION, *et al.*<br><br>　　　　　Defendants. | Case No. 2:06-cv-00008-JAD-EJY<br><br>**ORDER** |

Before the Court are Plaintiff Darren Chaker-Delnero's ("Plaintiff") Application to File Under Seal ("Application") (ECF No. 33), which attaches a Motion for Reconsideration of Ex Parte Motion to Seal Records ("Motion for Reconsideration") (ECF No. 33-1), and Application to File Under Seal (ECF No. 35). No responses to these filings were received by the Court.

**I.     Motion for Reconsideration**

Plaintiff moves the Court to reconsider its prior Order denying Plaintiff's Ex Parte Motion to Seal the entire record in this case. ECF No. 32 at 3. Plaintiff contends in his present Motion that the Court "reconsider its ruling since it failed to embrace California law." ECF No. 33-1 at 1. Plaintiff also requests the Court take judicial notice of recent orders by other federal and state courts regarding Plaintiff's requests to seal records in other cases. *Id.* at 2-3.

　　　A.     Legal Standards

Ninth Circuit precedent and the Local Rules of Practice for the District of Nevada explain that the Court "possesses the inherent power to reconsider an interlocutory order for cause, so long as the court retains jurisdiction." United States District Court for the District of Nevada Local Rule 59-1; *see also Petrarca v. Aranas*, Case No. 2:15-cv-001231-RFB-CWH, 2016 WL 884638, at *1 (D. Nev. Mar. 7, 2016) (citing *City of L.A., Harbor Div. v. Santa Monica Bayskeeper*, 254 F.3d 882, 885 (9th Cir. 2001)). Local Rule 59-1 and Ninth Circuit cases also provide that reconsideration may be appropriate if "(1) there is a newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was

1

manifestly unjust, or (3) if there is an intervening change in controlling law." LR 59-1; *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010). "A motion for reconsideration is not an avenue to relitigate the same issues and arguments upon which the court already has ruled." *Petrarca*, 2016 WL 884638, at *1 (internal quotation marks omitted) (quoting *In re AgriBioTech, Inc.*, 319 B.R. 207, 209 (D. Nev. 2004)).

United States Supreme Court case law holds that there is a general right "to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Unless a particular court record is one that is traditionally kept secret, there is a strong presumption in favor of access to court records. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (citing *Valley Broadcasting Co. v. U.S. Dist. Court for the Dist. of Nev.*, 798 F.2d 1289, 1293 (9th Cir. 1986)). A party that seeks to seal a judicial record bears the burden of overcoming the public access presumption by providing sufficiently compelling reasons for doing so. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *San Jose Mercury News v. U.S. Dist. Court for the N. Dist. of Cal.*, 187 F.3d 1096, 1102 (9th Cir. 1999)). Compelling reasons sufficient to outweigh the public interest in access exist when information becomes the vehicle for improper purposes such as the use of records to gratify spite, promote public scandal, spread libelous statements or reveal trade secrets. *Nixon*, 435 U.S. at 598. The presumption of access may be rebutted only on the basis of articulable facts known to the court, rather than on unsupported hypothesis or conjecture. *Hagestad*, 49 F.3d at 1434.

The Ninth Circuit also established an exception to the compelling reasons standard that allows a party to meet a lower good cause standard derived from Fed. R. Civ. P. 26(c). *Foltz*, 331 F.3d at 1135. Rule 26(c) authorizes federal courts "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). When the district court considers whether to seal a record, the court will focus on how strongly the record correlates to the merits of a case. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016). If a party is attempting to seal a record that is directly related to the underlying cause of action, the party must establish a compelling reason to seal. *Id.* (Internal

citations omitted.)  In contrast, when the record at issue is unrelated or tangentially related to the underlying cause of action, the party may successfully seal a record upon a showing of good cause. *Id.*

When granted, a sealing order must be narrowly tailored. *McCurry v. Ocwen Loan Servicing, Inc.*, Case No. 2:16-cv-00191-RFB-PAL, 2016 WL 4926430 (D. Nev. 2016) (citing *Press-Enterprise Co. v. Superior Ct. of Cal., Riverside Cty.*, 464 U.S. 501, 512 (1984)).  Further, sealing documents is improper when confidential information can instead be redacted. *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011).

B.      Plaintiff's Argument

Plaintiff asks that the Court reconsider its prior Order because the Court "failed to embrace California law."  ECF No. 33-1 at 1.  Plaintiff argues that the Court should not have "discarded the California criteria" contained in § 367.3(a)(3) of the California Code of Civil Procedure by using the legal standard described above. *Id.* at 2.  Section 367.3(a)(3) states that a person who is an active participant in the address confidentiality program is considered a "protected person."  Cal. Code Civ. Proc. § 367.3(a)(3).  A protected person designation allows a party to proceed using a pseudonym and allows the party to exclude or redact "identifying characteristics" from filings with the court.  Cal. Code Civ. Proc. § 367.3(b)(1).  "Identifying characteristics" includes the protected person's name, address, age, marital status, relationship to other parties, race and ethnic background, telephone number, email address, social media profiles, online identifiers, contact information, and images of the protected person.  Cal. Code Civ. Proc. § 367.3(a)(1).

Plaintiff also requests the Court take judicial notice of recent court orders involving the sealing of what Plaintiff contends are his court records.  ECF No. 33-1 at 2-3.  Attached to Plaintiff's Motion for Reconsideration are orders from the following courts: the District Court of Clark County, Nevada; the Superior Court of California, County of San Diego; the U.S. District Court for the Southern District of California; the U.S. District Court for the Southern District of Texas; the U.S. District Court for the Central District of California; and the U.S. District Court for the Eastern District of Pennsylvania. *See* ECF No 33-1 at 5-26.  Plaintiff's name does not appear in all of these orders.  The relief granted ranges from the redaction of limited records to the sealing of the entire

case. *Id.* Apart from submitting decisions by other courts regarding what Plaintiff contends are his attempts to seal records or redact his personal information, Plaintiff does not include any additional substantive arguments explaining why this Court's prior Order was in error.

### C. Analysis

Plaintiff states that this Court "failed to embrace California law" in its prior Order denying Plaintiff's request to seal the entire record in this case. ECF No. 33-1 at 1. However, this Court is bound by Ninth Circuit precedent regarding public access to court records rather than the California Code of Civil Procedure. As explained by the Court in its July 1, 2021 Order, the present Motion for Reconsideration does not provide a compelling reason for sealing the entirety of this case.

The Ninth Circuit held that "the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for a cloak of anonymity." *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008) (quoting *United States v. Doe*, 488 F.3d 1154, 1156 n. 1 (9th Cir. 2007)). When determining whether pseudonymity is necessary, the Court will balance the need to protect a person from injury or harassment against the presumption that the identity of parties is public information. *Stoterau*, 524 F.3d at 1012. However, Plaintiff fails to explain how redacting information contained within public filings in this case, available throughout this dispute that began in 2006, will protect him from some current or future harm or harassment. Plaintiff has not introduced any additional evidence that he is currently a victim of harassment. Since Plaintiff failed to introduce newly discovered evidence, failed to establish that this Court's prior Order was manifestly unjust or clearly erroneous, and failed to demonstrate that there has been an intervening change in controlling law, the Court denies Plaintiff's Motion for Reconsideration.

The above said, and because Plaintiff previously establish that he is a member of the California Safe at Home Program, the Court will exercise its discretion and order the Clerk of Court to redact Plaintiff's address from the docket and substitute it with his Safe at Home address: P.O. Box 1679, Sacramento, CA 95812. Plaintiff may also use this address if, for some reason, he continues to file things in this Court despite the fact that this matter has been dormant since 2012. The Court will also grant Plaintiff's applications to file under seal (ECF Nos. 33, 35), since these filings appear to contain sealed court documents and contain information regarding Plaintiff's or

unknown others' participation in a state confidentiality program. The Court finds that Plaintiff has established good cause under *Foltz* to keep these documents confidential.

**II.     Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Applications to File Under Seal (ECF Nos. 33, 35) are GRANTED. The filings attached thereto shall remain sealed.

IT IS FURTHER ORDERED that Plaintiff's Motion for Reconsideration of Ex Parte Motion to Seal Records (ECF No. 33-1) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the Clerk of Court is directed to remove Plaintiff's address from the public docket and replace it with Plaintiff's Stay at Home Address: P.O. Box 1679, Sacramento, CA 95812. Plaintiff may use this address on pleadings if, for some reason, he continues to file things in this Court.

IT IS FURTHER ORDERED that all other requested relief is DENIED.

DATED THIS 28th day of July, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE