1  Darren Chaker
2  8549 Wilshire Blvd
   Unit #3169
3  Beverly Hills, CA 90211
   DarrenChaker@Gmail.com
4  Self-Represented

```
FILED _____        RECEIVED _____
ENTERED _____      SERVED ON _____
        COUNSEL/PARTIES OF RECORD
        ┌─────────────────┐
        │   FEB 2 2 2022   │
        └─────────────────┘
        CLERK US DISTRICT COURT
         DISTRICT OF NEVADA
BY: _____ DEPUTY
```

5              UNITED STATES DISTRICT COURT

6                  DISTRICT OF NEVADA

7

8  DARREN CHAKER-DEL NERO,            **Case No.: 2:06-cv-00008-JAD-EJY**

9
   Plaintiff,                        **APPLICATION TO FILE UNDER**
10                                    **SEAL**

11 v.                                **[CONDITIONALLY FILED UNDER**
                                      **SEAL]**
12 NEVADA FEDERAL CREDIT

13 UNION,

14 Defendants.

15

16       COMES NOW PLAINTIFF and files this Application to Seal the

17 attached Motion for Reconsideration as to the second sealing order this

18 honorable court issued.

19 I.    **GOOD CAUSE EXISTS TO SEAL PLAINTIFF'S MOTION FOR**

20       **JUDICIAL NOTICE AND CHANGE OF ADDRESS.**

21       Here, Plaintiff provides this honorable court with a series of recent

22 orders, many of which are sealed or have replaced Plaintiff's name with John

23 Doe. Particularly, the attached motion for judicial notice includes,

24       **Exhibits A, B, C & G** are recently issued Orders issued by the United

25 States Courts of Appeal for the Ninth Circuit granting identical motion

26 brought before this honorable court which resulted in the sealing of the

27 record and replacement of Plaintiff's name with John Doe. Exhibit G relates

28

                    **APPLICATION TO FILE UNDER SEAL - 1**

to the same case Exhibit B does, but was issued subsequent to a motion for reconsideration being filed.

**Exhibits D & E** are orders issued by the United States District Court, Northern Division of Ilionois where each court sealed and redacted portions of the record. The two courts also replaced Defendant's name with John Doe.

**Exhibit F** is a recent order issued by Nevada District Court Judge James C. Mahan which directed the Clerk of the Court to seal the case and replace Plaintiff's name with John Doe.

**Exhibits H, I & J** are orders from the Southern District of California, issued by the Honorable Marilyn L. Huff who granted redaction of all personal information and replacing Plaintiff's name with John Doe.

**Exhibit K** is an order dated June 29, 2021 and issued by Distict Court Judge Vanessa D. Gilmore, Southern District of Texas. In that instance the court sealed the entirety of the court record.

**Exhibit M** is an order from the District of Arizona. In that case, Senior United States District Court Judge Roslyn O. Silver agreed that by allowing the court record to remain public would place Plaintiff "**at additional risk of harm**" and subsequently sealed the entire case[1]. (emphasis added)

**Exhibit N** is an order issued by Magistrate Judge Daniel J. Albregts granted Plaintiff's motion redacting and replacing his name with John Doe.

**Exhibit O** is an order dated October 26, 2021 and issued by Senior United States District Court Jeffrey T. Miller, Southern District of California. In its sealed order, the court replaced Plaintiff's first name with John Doe in Case No. 98cv272 JM (POR).[2]

---

[1] This sealed order reference to a "David Hunter" which is a sealed name Plaintiff obtained as a result of threats.

[2] Although the order only directs the Clerk of the Court to redact his name from the record, which Plaintiff is grateful for, the record demonstrates other redactions were made concerning address and phone number information.

**APPLICATION TO FILE UNDER SEAL - 2**

1    **Exhibit B** is an order signed by the District Court Judge Marilyn L.
2  Huff, Southern District of California, on September 13, 2021. In that case the
3  court replaced Plaintiff's name as John Doe in Case No. 05-CV-1797-H-AJB
4  and redacted any personal information.[3]
5    **Exhibit C** is an order also dated September 13, 2021 issued by the
6  Honorable Marilyn L. Huff in Case No. 05-cv-1714-H-LSP. The court agreed
7  to redact reference to personal information and replace Plaintiff's name with
8  John Doe.
9    **Exhibit D** is an order dated August 30, 2021 issued by the Hon. Lisa
10 B. Fitzgerald, Appellate Commissioner for the United States Court of
11 Appeals for the Ninth Circuit. The Ninth Circuit granted Plaintiff's motion to
12 file his motion under seal in Case No. 00-56984. To date, the motion to seal
13 has not been ruled on.
14    **Exhibit E** is an order signed by the Honorable Marilyn L. Huff, Case
15 No 3:06-cv-00599-H-AJB where the court granted redaction of personal
16 information and replacing Plaintiff's name with John Doe.  his name from the
17 docket and allow him to proceed under the pseudonym "John Doe." The court
18 stated in part, Page 2, "The Ninth Circuit allows parties to proceed
19 anonymously when the party's "need for anonymity" to avoid physical injury
20 outweighs the "prejudice to the opposing party and the public's interest in
21 knowing the party's identity."   *Does I thru XXIII v. Advanced Textile Corp.*,
22 214 F.3d 1058, 1067-68 (9th Cir. 2000). **That is the case here**. (See Doc.
23 No. 16, Exs. A-C.)  Additionally, redacting Plaintiff's name from the record
24 would not prejudice any party because Plaintiff voluntarily dismissed the
25 action over fifteen years ago. (Doc. No. 6.)."
26
27
28
_____
[3] As defined by Civ. Proc. Code, § 367.3, subds. (a)(1)-(2).

**APPLICATION TO FILE UNDER SEAL - 3**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit F** is an order issued by Magistrate Judge Daniel J. Albregts, District of Nevada, dated June 27, 2021. The court granted Plaintiff's motion. sealing—for the Court to replace his name with "John Doe" and other personal information. In the order, Page 5, the court states in part, "The Court finds the Southern District of California's approach to Plaintiffs' similar requests persuasive, although it does not find the need to take judicial notice of the cases Plaintiff submitted in his motions to seal (ECF No. 17 and 19). motions to seal (ECF No. 17 and 19). While Plaintiff has not provided sufficient reasons to seal his entire record, he has provided enough for the Court to replace his address on the docket with his Safe at Home address, to redact his address and email, and to replace his name with "John Doe."

**Exhibit H** is an Order by the District Court for the Southern District of California dated June 28, 2021 granting redaction of all personally identifiable information and changing the Plaintiff's name to John Doe. The court stated in part, "The Ninth Circuit allows parties to proceed anonymously when the party's "need for anonymity" **to avoid physical injury** outweighs the "prejudice to the opposing party and the public's interest in knowing the party's identity." <u>Does I thru XXIII v. Advanced Textile Corp</u>., 214 F.3d 1058, 1067-68 (9th Cir. 2000). **That is the case here**." (emphasis added)

**Exhibit I** is an order dated June 29, 2021 and issued by Distict Court Judge Vanessa D. Gilmore, Southern District of Texas. In that instance the court sealed the entirety of the court record.

**Exhibit J** is a June 8, 2021 Nevada state court order where it acknowledged the right of a crime victim to anonymize himself in court

records after making specific findings plaintiff was in danger. The court sealed the entire case and replaced Plaintiff's name with John Doe.

**Exhibit K** is an order dated June 29, 2021 and issued by Distict Court Judge Vanessa D. Gilmore, Southern District of Texas. In that instance the court sealed the entirety of the court record.

**Exhibit L** is an order from the District of Arizona. In that case, Senior United States District Court Judge Roslyn O. Silver agreed that by allowing the court record to remain public would place Plaintiff "**at additional risk of harm**" and subsequently sealed the entire case[4]. (emphasis added)

**Exhibit M** is an order issued by former Chief Judge for the Southern District of California and grants the redaction of personal information and plaintiff's name.  The order states in part, The Court GRANTS Petitioner's request to take judicial notice of other orders relevant to Petitioner's motion. (ECF No. 58, Exs. A-D.) The Court has considered Petitioner's motion to seal records. The Court has also considered the related orders by the judges and finds the reasoning persuasive. This Court agrees with Judge Miller's sound decision in Case No. 98-cv-00272-JM-POR. (ECF No. 58, Ex. A.)"

These exhibits also reference to sealed records. Further, any argument disclosing the sealed orders or orders renaming Plaintiff as John Doe should be sealed as well since it discloses the contents of the underlying orders and the declaration attests that Plaintiff is John Doe.

/      /      /      /

/      /      /      /

---

[4] This sealed order reference to a "David Hunter" which is a sealed name Plaintiff obtained as a result of threats.

**APPLICATION TO FILE UNDER SEAL - 5**

1   Additionally, this honorable court sealed the underlying ex parte
2   motion to seal records in this case too, which the attached motion makes
3   reference to[5].
4       Further, Plaintiff provides this court with his updated address. Due to
5   the realistic potential to physical harm to Plaintiff demonstrated in the
6   initial motion and inclusion in the Safe at Home Program, Plaintiff requests
7   his notice of his new address is not made part of the public record until the
8   court rules on the underlying motion. If the court granted the underlying
9   motion, the address would be redacted.
10      Since the Application to File Under Seal discloses the contents of the
11  attached motion reference to sealed records, Plaintiff requests the application
12  to file under seal, is filed under seal as well.

### CONCLUSION

13      It is for the foregoing reasons Plaintiff respectfully request this
14  honorable court grant this motion and order the attached motion and the
15  instant application to be filed under seal.

DATED: February 17, 2022                    Respectfully submitted,

                                            _____
                                            Darren Chaker
                                            Plaintiff

---

[5] As it relates to each sealed record described here, "[S]o long as it remains under seal, all parties must refrain from filing anything not under seal that would disclose the sealed matter. (Rule 2.551(c).) (*H.B. Fuller Co. v. Doe* (2007) 151 Cal.App.4th 879, 889 [60 Cal.Rptr.3d 501].) 3-51 California Trial Guide § 51.23 (2017); see also, California Rules of Court, Rule 8.46(d)(9) and (f) prohibits a publicly filed document from disclosing matters in a sealed record.

**APPLICATION TO FILE UNDER SEAL - 6**