UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DARREN CHAKER-DELNERO,

    Plaintiff,

  v.

NEVADA FEDERAL CREDIT UNION, *et al.*

    Defendants.

Case No. 2:06-cv-00008-JAD-EJY

**ORDER**

    Before the Court are Plaintiff Darren Chaker-Delnero's ("Plaintiff") Motion to Seal (ECF No. 39) and Motion for Reconsideration (ECF No. 38). No responses to these filings will be received as the matter is closed.

**I.    Background and procedural history**

    Plaintiff filed a Motion to Seal the Record on May 19, 2021 requesting the Court seal the whole of Plaintiff's case or alternatively replace Plaintiff's name with "John Doe" and redact any personal information identifying Plaintiff throughout the record. ECF No. 27. The Court denied this request in a July 1, 2021 Order but granted Plaintiff's request to seal the individual documents containing personal information. ECF No. 32. Plaintiff subsequently filed a Motion for Reconsideration and Motion to Seal on July 19, 2021. ECF No. 33. The Motion for Reconsideration argued that the Court's Order refusing to seal the record failed to conform to California law and a number of other federal and state court orders that purportedly support Plaintiff's request. *Id.* The Court denied the Motion for Reconsideration on July 28, 2021. ECF No. 36. The Court's Order emphasized that the California state code Plaintiff cited in support of his Motion to Seal was not binding in the district and found that "Plaintiff does not include any additional substantive arguments explaining why this Court's prior Order was in error." *Id.*

    Plaintiff filed the instant Motion for Reconsideration on February 22, 2022, in which he "disagrees with the Court's rational for declining to afford limited protection to Plaintiff." ECF No. 38 at 1. Like Plaintiff's first Motion for Reconsideration (ECF No. 33), this Motion does not identify

1

any legal error in the Court's Order declining to seal the record, but rather continues to argue that California state law and orders issued from other courts support his request. *Id.* Along with the Motion for Reconsideration, Plaintiff filed a Motion to Seal asking that the Motion for Reconsideration and Motion to Seal itself be filed under seal. ECF No. 39 at 6.

**II.     Plaintiff's Motion to Seal**

   A.     <u>Legal Standard</u>

United States Supreme Court case law holds that there is a general right "to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Unless a particular court record is one that is traditionally kept secret, there is a strong presumption in favor of access to court records. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (citing *Valley Broadcasting Co. v. U.S. Dist. Court for the Dist. of Nev.*, 798 F.2d 1289, 1293 (9th Cir. 1986)). A party that requests to seal a judicial record bears the burden of overcoming the public access presumption by providing sufficiently compelling reasons for doing so. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *San Jose Mercury News v. U.S. Dist. Court for the N. Dist. of Cal.*, 187 F.3d, 1096, 1102 (9th Cir. 1999)).

The Ninth Circuit has established an exception to the compelling reasons standard that allows a party to meet a lower good cause standard derived from Fed. R. Civ. P. 26(c). *Foltz*, 331 F.3d at 1135. Rule 26(c) authorizes federal courts "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." When the district court considers whether to seal a record, the court will focus on how strongly the record correlates to the merits of a case. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016). If a party is attempting to seal a record that is directly related to the underlying cause of action, the party must establish a compelling reason to seal. *Id*. (Internal citations omitted.) In contrast, when the record at issue is unrelated or tangentially related to the underlying cause of action, the party may successfully seal a record upon a showing of good cause. *Id*.

B.   Analysis

Plaintiff brings a claim for violation of the Fair Credit Reporting Act among other federal and state statutory provisions.  ECF No. 1.  The two documents Plaintiff seeks to seal, the Motion for Reconsideration and Motion to Seal, do not discuss or in any way relate to Plaintiff's action in this case.  Both motions are limited to the issue of Plaintiff's request to seal court documents.  Since these two documents are wholly unrelated to the underlying case, Plaintiff need only make a good cause showing to rebut the presumption that the public has a right to access the documents.  *Foltz*, 331 F.3d at 1135.

The Court finds that Plaintiff has established good cause rebutting the presumption of a public right to access the Motion to Seal and Motion for Reconsideration.  The Motion to Seal and the Motion for Reconsideration both contain personal information regarding Plaintiff's participation in a state confidentiality program as well as details surrounding his status as a witness to a violent crime.  For these reasons, the Court finds that Plaintiff's request to keep these documents confidential outweighs the public's interest in retaining the right to access court documents.  Plaintiff's Motion to Seal (ECF No. 39) is GRANTED.

### III.   Plaintiff's Motion for Reconsideration

Well settled law establishes that motions for reconsideration are "not an avenue to re-litigate the same issues and arguments upon which the court already has ruled."  *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005); *see also Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988); *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003) ("reconsideration [is not] to be used to ask the Court to rethink what it has already thought").  Plaintiff's second Motion for Reconsideration simply restates the same arguments from his earlier Motion for Reconsideration, albeit in more detail.  ECF No. 38.  The Court's decision has not changed.  Plaintiff does not articulate a basis for reconsideration or otherwise persuade the Court to grant the relief requested.  Plaintiff's Motion for Reconsideration is DENIED.

**IV.     Order**

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to Seal ECF Nos. 38 and 39 is GRANTED. The filings attached thereto shall remain sealed.

IT IS FURTHER ORDERED that Plaintiff's Motion for Reconsideration (ECF No. 38) is DENIED.

DATED this 24th day of February, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE