UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DARREN CHAKER-DELNERO,<br><br>    Plaintiff,<br><br>  v.<br><br>NEVADA FEDERAL CREDIT UNION, *et al.*<br><br>    Defendants. | Case No. 2:06-cv-00008-JAD-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff Darren Chaker-Delnero's ("Plaintiff") Motion to File Under Seal. ECF No. 41. This Motion seeks to seal Plaintiff's Objection to the Magistrate Judge's Order entered on February 24, 2022. ECF No. 40.

**I.   Background**

The undersigned's involvement in this case started on May 19, 2021, eight and one-half years after Plaintiff last communicated with the Court. At that time, Plaintiff requested the Court seal the entire record of his case or alternatively replace his name in the caption with John Doe. ECF No. 27-1. Plaintiff argued that the Clerk of Court should be directed to redact all protected information as defined by the California Code of Civil Procedure § 367.3(a)(1) and (2) from the record. In response, the Court explained to Plaintiff that California civil codes do not bind or pertain to this Court and further explained the standard for sealing records filed with the federal court. ECF No. 32. Thereafter, the Court explained why it was unwilling to seal the entire record (noting that the information on the docket of this case was publicly available for years prior to Plaintiff's request), but granted Plaintiff relief in the form of sealing his filings (ECF No. 27 and all attachments thereto).

Plaintiff then filed a Motion for Reconsideration and a Motion to Seal ECF Nos. 33 and 33-1. The Court denied the Motion for Reconsideration as Plaintiff's argument that the federal court had "failed to embrace California law" was unavailing. ECF No. 36. The Court also reviewed court documents involving what Plaintiff alleged sealed his records in other courts. *Id*. at 3. The Court noted that Plaintiff's name did not appear on all of the orders, but found that Plaintiff had established

his membership in the California Safe at Home program, and exercised its discretion to order the Clerk of Court to redact Plaintiff's address from the docket and replace it with the Safe at Home post office box address (despite the fact that the address had been on the docket for more than 10 years). *Id*. at 4. The Court also ordered that Plaintiff could use the Safe at Home address for future filings and granted Plaintiff's Motion to Seal. *Id*. at 4-5.

Six months later, Plaintiff filed another Motion to Seal and for Reconsideration. ECF No. 38. The Court once again denied Plaintiff's Motion for Reconsideration, but granted Plaintiff's Motion to Seal. ECF No. 40.

Plaintiff has now filed a Motion to Seal his Objection to the Order at ECF No. 40. ECF No. 41. Plaintiff states that the Court previously granted his Motion to Seal and to change his address. It is true that the Court has granted each of Plaintiff's motions to seal and has allowed Plaintiff to use the Safe at Home address for filings, which Plaintiff did **not** do when he filed his most recent motion. ECF No. 41.

## II.     Plaintiff's Motion to Seal

United States Supreme Court case law holds that there is a general right "to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Unless a particular court record is one that is traditionally kept secret, there is a strong presumption in favor of access to court records. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (citing *Valley Broadcasting Co. v. U.S. Dist. Court for the Dist. of Nev.*, 798 F.2d 1289, 1293 (9th Cir. 1986)). A party that requests to seal a judicial record bears the burden of overcoming the public access presumption by providing sufficiently compelling reasons for doing so. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *San Jose Mercury News v. U.S. Dist. Court for the N. Dist. of Cal.*, 187 F.3d, 1096, 1102 (9th Cir. 1999)).

The Ninth Circuit has established an exception to the compelling reasons standard that allows a party to meet a lower good cause standard derived from Fed. R. Civ. P. 26(c). *Foltz*, 331 F.3d at 1135. Rule 26(c) authorizes federal courts "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." When the district

court considers whether to seal a record, the court will focus on how strongly the record correlates to the merits of a case. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016).  If a party is attempting to seal a record that is directly related to the underlying cause of action, the party must establish a compelling reason to seal. *Id*. (Internal citations omitted.)  In contrast, when the record at issue is unrelated or tangentially related to the underlying cause of action, the party may successfully seal a record upon a showing of good cause. *Id*.

While Plaintiff fails to articulate a basis to seal his most recent filing, the history of this case and contentions made by Plaintiff in this matter warrant the exercise of the Court's discretion to grant the pending Motion to Seal.  Plaintiff's prior filings include claims of concerns for safety if his whereabouts and personal information are known to the outside world.  Plaintiff's underlying motion for reconsideration does not go to the merits of the case he brought in 2012 in this district.  Instead, the underlying motion relates solely to sealing his identity, which is non-dispositive thereby requiring a showing of good cause. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016).  The Court finds, based on the history of the filings by Plaintiff, good cause exists to allow him to seal the pending Objection.

**III.    Order**

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to Seal ECF No. 40 is GRANTED.  The filings attached thereto shall remain sealed.

DATED this 3rd day of March, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

3